WILLIAM S. CURRAN *vs.* E. EUGENE HOLT, JR.

Cumberland.   Opinion October 2, 1918.

*Action for malpractice.   General rule fixing liability of physician or surgeon.*

In an action of tort against a surgeon for malpractice it is
*Held:*

1.  It is not claimed that the defendant did not possess the ordinary skill of members of his profession in like situation.

2.  The law required him to exercise that skill and to use reasonable care and diligence in his treatment of the case and his best judgment in the application of that skill.

3.  The evidence does not show that the defendant failed to measure up to the legal requirement in a single particular, either in the care and treatment prior to the two operations, in performing the operations or in the care and treatment subsequent thereto.

4.  A jury would not have been justified in drawing from the evidence an inference of legal liability on the part of the defendant and therefore the nonsuit was properly ordered by the presiding Justice.

Action on the case for alleged malpractice.   Defendant filed plea of general issue.   At the conclusion of the testimony, in behalf of the plaintiff, counsel for defendant filed a motion for nonsuit, which motion was granted.   To the granting of said motion plaintiff filed exceptions.   Exceptions overruled.

Case stated in opinion.

*Dennis A. Meaher*, for plaintiff.

*Hinckley & Hinckley, and Edward S. Taylor*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

CORNISH, C. J.   Action against a surgeon for alleged malpractice. Plaintiff was treated by defendant from November, 1911, until January, 1913.   On January 28, 1913, the defendant performed an opera-

tion for cataract on plaintiff's right eye. The operation was not successful and sight was not restored. As the left eye subsequently became involved from what was apparently sympathetic inflammation, the right eye was removed by the defendant on April 14, 1913. This removal however did not allay the trouble with the left eye and after further treatment for several months vision in that eye was also lost.

The plaintiff in his writ alleges many negligent acts on the part of the defendant which he says might have produced the blindness. These he summarizes in his brief as follows: "Such as general negligence, that the incision on the eyeball of the right eye was within what is called the danger zone, that the defendant did not make a proper diagnosis of the eyes, and did not understand the real condition of the eyes before he operated, that he did not use proper methods in preparing the eye for the operations and in treating the eyes before and after the operations of January 28 and April 14, 1913."

The evidence introduced by the plaintiff, including that of an eye specialist, failed utterly to substantiate a single one of the many claims set forth in the writ. True, the operation proved unsuccessful and upon that fact alone the plaintiff seems to rest his case. But that is not sufficient to establish negligence on the part of the operator. The surgeon cannot insure recovery and the testimony shows that, with all due care, loss of sight results in five or six per cent of the cases in operations for cataract, depending in large measure upon the condition of the patient. It was shown here that the plaintiff's trouble was of long standing. His vision had been more or less affected for forty years.

It is not claimed that the defendant did not possess the ordinary skill of members of his profession in like situation. The law required him to exercise that ordinary skill and to use reasonable care and diligence in his treatment of the case, and his best judgment in the application of that skill to the case in hand. *Coombs* v. *King*, 107 Maine, 376; *Merrill* v. *Odiorne*, 113 Maine, 424; *McCann* v. *Twitchell*, 116 Maine, 490.

The evidence does not show that the defendant failed to measure up to the legal requirement in a single particular, either in the care and treatment prior to the operations, in performing the operations or in the care and treatment subsequent thereto. The defendant was not called upon to offer any testimony. A jury would not have been

justified in drawing from the evidence an inference of legal liability on the part of the defendant, and therefore the nonsuit was properly ordered by the presiding Justice.

*Exceptions overruled.*